COURT OF APPEALS
DECISION
DATED AND FILED

January 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1994-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF713

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

PAUL K. STRASSER,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Eau Claire County: JON M. THEISEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Paul Strasser appeals a judgment of conviction entered after the circuit court denied his motion to suppress evidence of various

drug crimes discovered during a warrantless search of the vehicle he was driving. Strasser argues that the motion to suppress should have been granted because the search was unreasonable under the Fourth Amendment and improper under WIS. STAT. § 302.113(7r) (2023-24).[1] We affirm.

## BACKGROUND

¶2 Shortly before midnight, Officer Matthew Sanda observed a vehicle pull onto a roadway without its headlights activated. Sanda followed the vehicle, and he observed it swerve within its lane and accelerate rapidly to approximately 55 miles per hour (mph) in a zone that transitioned from 35 mph to 45 mph. After Sanda moved behind the vehicle, the vehicle changed lanes and continued into a mall area where most businesses were closed.

¶3 Sanda ran a registration check that showed the vehicle's registered owner had a revoked driver's license. When the vehicle entered a car wash parking lot, Sanda initiated a traffic stop. As Sanda illuminated the vehicle's interior, he observed Strasser reach toward a backpack in "the passenger seat area." Once Sanda was standing outside of the vehicle, Strasser identified himself with a Wisconsin ID card and admitted that he did not have a valid driver's license. Sanda confirmed that Strasser's operating privileges were revoked due to an alcohol-related offense and that he was required to have an ignition interlock device, which was not present in the vehicle.

¶4 Around this time, dispatch advised Sanda that Strasser was on extended supervision for prior methamphetamine-related convictions. After

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

Strasser declined Sanda's request to search the vehicle, Sanda searched the vehicle without a warrant. The search revealed approximately 66 grams of methamphetamine.

¶5 The circuit court denied Strasser's suppression motion, concluding the search of his vehicle did not violate the Fourth Amendment and was permitted under WIS. STAT. § 302.113(7r), which provides that

> [a] person released under [extended supervision], his or her residence, and any property under his or her control may be searched by a law enforcement officer at any time during his or her period of supervision if the officer reasonably suspects that the person is committing, is about to commit, or has committed a crime *or a violation of a condition of release to extended supervision*. Any search conducted pursuant to this subsection shall be conducted in a reasonable manner and may not be arbitrary, capricious, or harassing.

(Emphasis added.)

¶6 After the circuit court denied his suppression motion, Strasser pled guilty to possession with intent to deliver methamphetamine, as a second and subsequent offense and as a repeater. Strasser now appeals, arguing that the court erred by denying his suppression motion.[2]

## DISCUSSION

¶7 The Fourth Amendment protects the rights of individuals to be free from unreasonable searches and seizures. U.S. CONST. amend. IV; *State v. Floyd*,

---

[2] WISCONSIN STAT. § 971.31(10) allows an appeal from an order denying a suppression motion, despite the general rule that guilty pleas constitute a waiver of nonjurisdictional defects and defenses.

2017 WI 78, ¶19, 377 Wis. 2d 394, 898 N.W.2d 560. A police officer "may stop a vehicle when he or she reasonably believes the driver is violating a traffic law; and, once stopped, the driver may be asked questions reasonably related to the nature of the stop—including his or her destination and purpose." *State v. Betow*, 226 Wis. 2d 90, 93, 593 N.W.2d 499 (Ct. App. 1999). "Such a stop and detention is constitutionally permissible if the officer has an 'articulable suspicion that the person has committed or is about to commit' [an offense].'" *Id.* at 93-94 (alteration in original; citation omitted). Whether a traffic stop or detention is reasonable under the Fourth Amendment is a question of law that we review de novo. *Id.* at 93.

¶8 Strasser does not challenge the legality of the traffic stop. He argues instead that the search was not reasonable under the Fourth Amendment and violated WIS. STAT. § 302.113(7r) because the officer lacked reasonable suspicion that evidence of a particular offense would be found in the vehicle. While Strasser advances an argument concerning the proper interpretation of § 302.113(7r), we resolve the case on narrower grounds. Namely, we conclude that the search did not violate the Fourth Amendment in the first instance. Because this determination is dispositive, we do not reach Strasser's statutory claim.

¶9 The United States Supreme Court has held that individuals on probation have significantly diminished expectations of privacy. *See United States v. Knights*, 534 U.S. 112, 119-21 (2001). This diminished privacy interest is even more pronounced where, as here, an individual is serving a portion of their criminal sentence in the community on parole, *see Samson v. California*, 547 U.S. 843, 852 (2006); *United States v. Caya*, 956 F.3d 498, 503 (7th Cir. 2020), known in Wisconsin as extended supervision. This rule recognizes that extended supervision is a release from prison before the completion of a sentence

and thus "is more akin to imprisonment than probation is to imprisonment." *Samson*, 547 U.S. at 846, 850, 857 (ruling that a California law that allowed law enforcement officers to search parolees "at any time of the day or night, with or without a search warrant and with or without cause," did not violate the Fourth Amendment). To determine whether the search was reasonable under the Fourth Amendment, we consider the totality of the circumstances. *See* *Knights*, 534 U.S. at 118-19.

¶10 The search of Strasser's vehicle occurred during a lawful stop and after Sanda confirmed that Strasser was actively serving a criminal sentence on extended supervision. Sanda was aware that Strasser had a history of methamphetamine-related crimes and observed Strasser reach toward a backpack, which could be an action taken by someone attempting to hide contraband. Sanda had also just observed Strasser driving erratically with his headlights off in the middle of the night. Strasser told Sanda that he did not have a valid driver's license and gave inconsistent explanations about what he was doing. All of the foregoing observations easily establish reasonable suspicion that Strasser was committing, or had committed, a crime or rules violation. And, given Strasser's significantly diminished right to privacy, we conclude that, under the totality of the circumstances, the search of Strasser's vehicle was reasonable for constitutional purposes.

¶11 Because the search complied with the Fourth Amendment, we need not decide whether WIS. STAT. § 302.113(7r) imposes any additional requirements regarding the officer's suspicion that a search will yield evidence of the suspected offense.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.